FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 06, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TODD F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:17-CV-05081-JTR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13-14. Attorney Nicholas David Jordan represents Todd F. (Plaintiff); Special Assistant United States Attorney Terrye Erin Shea represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed an application for Disability Insurance Benefits (DIB) on April 18, 2013, Tr. 399, alleging disability since June 1, 2009, Tr. 309, due to a brain injury, neck problems, back problems, anxiety, and depression, Tr. 403. In a Disability Report dated May 8, 2013, Plaintiff amended his date of onset to August

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

20, 2011, the day after he received an unfavorable ALJ decision in a previous application. Tr. 409. The applications were denied initially and upon reconsideration. Tr. 216-18, 220-21. Administrative Law Judge (ALJ) Virginia M. Robinson held a hearing on November 20, 2015 and heard testimony from Plaintiff and vocational expert, Richard Cheney. Tr. 70-92. The ALJ issued an unfavorable decision on January 21, 2016. Tr. 27-38. The Appeals Council denied review on May 2, 2017. Tr. 1-6. The ALJ's January 21, 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 14, 2017. ECF No. 1.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 50 years old at the amended date of onset. Tr. 309. He completed the twelfth grade in 1979. Tr. 404. His reported work history includes the job of craftsman for the city of Kennewick. Tr. 404, 418. Plaintiff reported that he stopped working on June 1, 2009 due to his conditions. Tr. 403-04.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On January 21, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful

activity from the amended date of onset, August 20, 2011, through the date he was last insured for DIB, December 31, 2014. Tr. 29.

At step two, the ALJ determined Plaintiff had the following severe impairments through his date last insured: traumatic brain injury status post industrial injury; cognitive disorder; depression; anxiety; and degenerative changes of the cervical, thoracic, and lumbar spines. Tr. 29.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments through the date last insured. Tr. 30.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of light work with the following limitations:

> He could lift or carry up to 20 pounds occasionally and 10 pounds frequently. He could stand or walk for approximately six hours and sit for approximately six hours per eight-hour workday with normal breaks. He could never climb ladders, ropes, or scaffolds. He could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. He could occasionally reach overhead. He had to avoid concentrated exposure to extreme cold and excessive vibration. He had to avoid moderate exposure to workplace hazards such as working with dangerous machinery. He could not work at unprotected heights. He could understand, remember, and carry out simple, routine tasks in a routine work environment. He could have only superficial interaction with the public and coworkers. He would have done best in a predictable work environment.

Tr. 31. The ALJ identified Plaintiff's past relevant work as a sign erector II and concluded that Plaintiff was not able to perform this work. Tr. 36-37.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of assembler II, housekeeper cleaner, and agricultural sorter. Tr. 37-38. The ALJ concluded

Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 20, 2011 through December 31, 2014. Tr. 38

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical source opinions, (2) failing to properly address Plaintiff's symptom statements, and (3) failing to make a proper step five determination.

## DISCUSSION

**1.  Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by Andrew D. Whitmont, Ph.D., C. Donald Williams, M.D., Michael Friedman, D.O., David F. Bachman, Psy.D., Diane Fligstein, Ph.D., and Dan Donahue, Ph.D. ECF No. 13 at 8-12.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v.*

*Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### A. Michael Friedman, D.O.

On November 19, 2011, Dr. Friedman reviewed Plaintiff's medical records and completed an evaluation for the Washington Department of Labor and Industries. Tr. 708-19. He diagnosed Plaintiff with major depressive episode with psychotic features, pain disorder with psychological features and a general medical condition, a rule out cognitive disorder not otherwise specified, and a history of closed head injury. Tr. 716. Dr. Friedman stated that "[b]ased on the claimant's presentation and review of records, I do not believe the claimant is psychologically capable of employment. He reports that he is paranoid and rarely goes out of the house. He gets irritable, is quasi-delusional, and reports he gets confused." Tr. 717.

On September 19, 2012, Dr. Friedman reviewed Plaintiff's medical records and completed an evaluation for the Washington Department of Labor and Industries. Tr. 752-61. He diagnosed Plaintiff with a cognitive disorder secondary to closed head injury, a rule out factious disorder, and a pain disorder with

psychological features and a general medical condition. Tr. 760. Dr. Friedman opined that "[b]ased on the claimant's presentation of significant confusion, I do not believe he will be capable of reasonable continuous employment, nor do I believe he would be a viable participant in vocational services. He would correspond to a Category III impairment of mental health related to his cognitive disorder." Tr. 760.

The ALJ assigned both these opinions "little weight" because (1) they were inconsistent with Plaintiff's longitudinal treatment history, (2) they were inconsistent with Plaintiff's documented daily activities, (3) they were based on Plaintiff's unreliable self-reports, and (4) they were performed for the purpose of evaluating Plaintiff's Department of Labor and Industries' claim. Tr. 35-36. The parties failed to allege which standard, clear and convincing or specific and legitimate, should be applied to Dr. Friedman's opinions. ECF Nos. 13, 14. However, which standard applies to Dr. Friedman's opinions is immaterial because the ALJ's reasons failed to meet the lesser of the two: specific and legitimate.

The ALJ's first reason for rejecting these opinions, that they were inconsistent with Plaintiff's longitudinal treatment history, fails to meet the lesser standard of specific and legitimate. Inconsistency with the majority of objective evidence is a specific and legitimate reason for rejecting physician's opinions. *Batson*, 359 F.3d at 1195. Here, the ALJ asserted that the opinions were inconsistent with the longitudinal treatment history, but failed to state how the opinions were inconsistent. Tr. 36. At most, the ALJ concluded that Plaintiff's functioning had not deteriorated since the prior ALJ decision. *Id*. However, this statement provides no insight into how psychological opinions dated after the prior ALJ opinion were inconsistent with treatment before or after the prior ALJ decision. Therefore, this reason is not legally sufficient.

The ALJ's second reason for rejecting these opinions, that they were inconsistent with Plaintiff's documented daily activities, also fails to meet the

lesser standard of specific and legitimate. While, a claimant's testimony about his daily activities may be seen as inconsistent with the presence of a disabling condition, *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir.1990), the ALJ failed to state how these activities were inconsistent with the opinions. Tr. 36. She simple stated that Dr. Friedman's opinions were inconsistent with the "documented daily activities set forth above and in Judge Palachuck's decision." *Id*. This is insufficient to support the ALJ's rejection of the opinions.

The ALJ's third reason for rejecting the opinions, that they were based on Plaintiff's unreliable self-reports, fails to meet the lesser standard of specific and legitimate. A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, the ALJ must provide a basis for her conclusion that the opinion was based more heavily on a claimant's self-reports than on clinical evidence. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, the ALJ states that "the claimant told Dr. Friedman that he was paranoid and rarely left his home (B1F/10), but, as noted, his paranoia improved and he was capable of going outside alone, driving, and maintaining his schedule as necessary." Tr. 36. While Dr. Friedman recounted Plaintiff's self-reported paranoia in the November 2011 opinion, Tr. 717, there is no explanation as to how the ALJ concluded that Dr. Friedman's opinion rested more heavily on Plaintiff's statements and not on the review of the medical evidence, Tr. 710-14, or the Mental Status Examination, Tr. 715-16. As such, the ALJ failed to provide a basis for her conclusion that the opinion was more heavily based on Plaintiff's reports and not on clinical evidence. This reason fails to meet the specific and legitimate standard.

The ALJ's fourth reason for rejecting Dr. Friedman's opinions, that they were obtained for the purpose of evaluating Plaintiff's Department of Labor and Industries' claim, fails to meet the lesser standard of specific and legitimate. First,

the ALJ never specifically cited this as a rationale for her rejection of the opinion. Tr. 36. Instead, she alluded to it in a non-specific way, stating:

> I agree that the claimant is unable to perform his past work. However, Department of Labor and Industries (L&I) claims and Social Security disability claims involve different rules and processes. While L&I claims consider returning an individual to the job of injury, Social Security disability claims involve establishing a residual functional capacity with specific limitations based on the entire record. Moreover, whether or not an individual is "disabled" is an issue reserved for the Commissioner. For Social Security disability purposes, the claimant's inability to return to her previous job does not mean that she is unable to perform less demanding work.

*Id*. This vague allusion to determinations by the Department of Labor and Industry is insufficient in itself to meet the specific and legitimate standard. Even if the ALJ specifically stated that this was a reason for rejecting Dr. Friedman's opinion, without more, she would still far short of the standard.

While the ALJ is not bound by the decision of other agencies, 20 C.F.R. § 404.1527(d) (whether or not an individual is "disabled" is an issue reserved for the Commissioner), she is required to consider medical source opinions regardless of their source, 20 C.F.R. § 404.1527(b). Therefore, she would not be bound by the Department of Industry and Labor's final determination of disability, she would still be required to consider the medical opinions the determination was based upon. Here, Dr. Friedman's statements that "[b]ased on the claimant's presentation and review of records, I do not believe the claimant is psychologically capable of employment," Tr. 717, and "[b]ased on the claimant's presentation of significant confusion, I do not believe he will be capable of reasonable continuous employment, nor do I believe he would be a viable participant in vocational services," Tr. 760, would not be considered a conclusory statement described in 20 C.F.R. § 404.1527(d), but instead an assessment, based on objective medical evidence of Plaintiff's psychological capabilities resulting from his mental

impairments. *See Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (a treating physician's statement that the claimant would be "unlikely" to work full time was not a conclusory statement like those described in 20 C.F.R. § 404.1527(d)). For these reasons, the fact that the opinions were gathered for the purpose of Plaintiff's Department of Labor and Industry claim, is not a legally sufficient reason to reject them.

This case is remanded for the ALJ to properly address the opinions of Dr. Friedman.

### B. Andrew D. Whitmont, Ph.D.

Dr. Whitmont treated Plaintiff from October 2011 to June 2012. Tr. 722-24, 777-81. On October 16, 2012, Dr. Whitmont signed an opinion concurring with the September 19, 2012 independent medical examination completed by Dr. Friedman, "except that Pain Disorder is an Axis 1 condition, not III [and] PPD is cat[egory] 4, not cat[egory] III." Tr. 776. On October 7, 2011, December 1, 2011, and February 1, 2012 he stated that Plaintiff was "not currently able to work due to physical condition." Tr. 722, 779-81. On April 1, 2012, he stated that Plaintiff was "currently not able to work due to physical condition and pain disorder." Tr. 778. On June 1, 2012, he stated that Plaintiff was "currently not able to work due to physical condition, pain and cognitive disorders." Tr. 777. The ALJ gave these opinions "little weight" for the identical reasons she rejected Dr. Friedman's opinions. Tr. 35-36.

These reasons fall short of the lesser specific and legitimate standard for same reasons they failed in relation to Dr. Friedman's opinions. *See supra*. Therefore, the ALJ is instructed to readdress Dr. Whitmont's opinions upon remand.

### C. David F. Bachman, Psy.D.

On February 2, 2010, Dr. Bachman completed a diagnostic clinical interview and administered the Beck Anxiety Inventory (BAI), Beck Depression Inventory

(BDI-2), Mini Mental Status Exam (MMSE), Wide Range Achievement Test 4th ed. (WRAT-4), Sentence Completion test, Drawing of House-Tree-Person, Thematic Apperception Test (TAT), Wechsler Adult Intelligent Scale (WAIS-III), and Minnesota Multiphasic Personality Inventory – 2 – Restructured From (MMPI-2 RF). Tr. 618-26. He diagnosed Plaintiff with depressive disorder, generalized anxiety disorder, pain disorder, and cognitive disorder. Tr. 622. He provided treatment recommendations to the Department of Labor and Industries stating that Plaintiff was an "injured worker who is really depressed and on edge because of his inability to cope with all of the secondary problems." Tr. 623. On April 29, 2010, in response to a questionnaire forwarded by Plaintiff's representative, Dr. Bachman stated that he "decline[d] to render any opinions based on a single visit projecting his behavior back into a work environment. I believe I have insufficient information to do that. If I had seen this gentleman over six or seven visits, most likely I would have an opinion about his potential behavior." Tr. 617.

The ALJ did not discuss Dr. Bachman's refusal to provide an opinion based on a single exam. Tr. 27-38. Plaintiff appears to challenge this determination, stating, "[o]ddly enough, the ALJ in her decision failed to provide a weight analysis for the one-time medical assessment Dr. Bachman performed." ECF No. 13 at 9. The statements by Dr. Bachman do not form an opinion as to Plaintiff's functional ability. Therefore, the ALJ was not required to address the statements specifically in her decision. *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (The ALJ need not discuss every piece of evidence in the record); *See also Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (The ALJ is not required to discuss all evidence presented to her, but she must explain why significant probative evidence has been rejected.). While the statements are not a functional opinion, the underlying psychological evaluation is objective medical evidence that will be included in the ALJ's consideration of the record upon

remand.

### D. C. Donald Williams, M.D.

On May 14, 2010 Dr. Williams completed an evaluation of Plaintiff, reviewed medical records, and administered a Mental Status Examination, the BDI-2, and the MMPI-2. Tr. 688-95. Dr. Williams stated that he was "unable to diagnose any Axis 1 conditions based on [his] evaluation," specifically stating that he did not have the raw data from Dr. Bachman's assessment. Tr. 694. On October 13, 2010, Dr. Williams received the missing information from Dr. Bachman's assessment and summarized his opinion as follows:

> [T]he psychological testing performed by Dr. Bachman was valid, and indicated the presence of real and diagnosable DSM-IV conditions. The psychological testing I administered which is very similar revealed a different approach to the test taking process, with clear evidence of exaggeration to the degree that the test was invalidated and malingering was suggested according to current literature.

Tr. 686-87. On March 14, 2011, Plaintiff went to Dr. Williams' office and took the MMPI-2 a second time without a clinic interview or formal evaluation. Tr. 703-07. Thereafter, Dr. Williams affirmed Dr. Bachman's diagnosis of depressive disorder, generalized anxiety disorder, pain disorder associated with psychological factors and a general medical condition, and cognitive disorder. Tr. 706. He stated that "[t]his is a complicated case, and the prognosis is guarded for [return to work], in light of the cognitive disorder component as well as multiple anxieties, depression, and the potential for psychotic features. *Id.*

The ALJ did not address Dr. Williams' opinion in her decision. Tr. 27-38. Defendant asserts that the ALJ adopted the previous ALJ's determination which discussed Dr. Williams' opinion. ECF No. 14 at 12 (*citing* Tr. 32). However, the ALJ's decision as cited by Defendant only applies to the analysis of Plaintiff's credibility: "I adopt and incorporate the credibility analysis contained in Judge Palachuck's August 2011 decision." Tr. 32. Therefore, Dr. Williams' opinion

went unaddressed. Social Security Ruling (S.S.R.) 96-8p states that the residual functional capacity assessment "must always consider and address medical source opinions. If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."

Therefore, upon remand the ALJ will also readdress the opinion of Dr. Williams.

### E. Diane Fligstein, Ph.D., and Dan Donahue, Ph.D.

Dr. Fligstein reviewed the evidence in the record as of June 27, 2013 and opined that Plaintiff remained capable of understanding and remembering simple work tasks and instructions. Tr. 129. She also found that he retained the ability to complete simple, repetitive tasks with occasional wane in attention and concentration due to psychological symptoms and somatic focus with normal breaks and rest periods for forty hour work week. *Id*. She found Plaintiff would do best within a work setting with superficial social interactions with the general public, supervisors, and coworkers. Tr. 130. Additionally, she found that he would do best within a predictable work environment. *Id*. Dr. Donahue provided an identical opinion after reviewing the files in the record as of February 11, 2014. Tr. 144-45. The ALJ gave these opinions "significant weight," except she rejected the portion regarding an occasional wane in attention and concentration. Tr. 35.

The opinion of a nonexamining physician may be rejected by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). Here, the ALJ failed to cite to any specific evidence in the medical record in the rejection of the attention and concentration limitation:

> To the extent that Dr. Fligstein's and Dr. Donahue's assessments that the claimant could do unskilled work with occasional wane in attention and concentration due to mental symptoms and somatic focus indicates more restrictive limitations than set forth in the residual functional

capacity, the evidence does not substantiate that portion of their opinion.

Tr. 35. Therefore, upon remand, the ALJ will properly address the opinions of these doctors.

### 2. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 13 at 7-8.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements will be necessary. The ALJ is to specifically address whether there is affirmative malingering in the file. A reference to the prior credibility determination will not be sufficient to support a credibility analysis for this case.

### 3. Step Five

Plaintiff alleges that the hypothetical that was based on the ALJ's residual functional capacity determination and provided to the vocational expert at the hearing lacked several limitations and resulted in a flawed step five determination.

ECF No. 13 at 13-14.  Here, the file is being remanded for the ALJ to further address the opinion evidence.  Therefore, the ALJ will make a new residual function capacity determination leading to new step four and step five determinations.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); s*ee also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims."  *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated.  Further proceedings are necessary for the ALJ to properly address opinion evidence, properly address the supportability of Plaintiff's symptom statements, and make a new determination at steps four and five.  The ALJ will supplement the record with any outstanding evidence pertaining to the relevant time period and call a psychological expert and a vocational expert to testify at remand proceedings.

**CONCLUSION**

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED June 6, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE